UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BENELI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>BCA FINANCIAL SERVICES, INC. and JOHN DOES 1-25,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DAVID BENELI (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant BCA FINANCIAL SERVICES, INC. (hereinafter "BCA" or "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 18001 Old Cutler Road, Suite 462, Miami, Florida 33157-6437.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New Jersey consumer class (the "Class"):

- All New Jersey consumers who were sent collection letters and/or notice from Defendant, in an envelope with a glassine window, in which the client's reference number was visible through the glassine window, in an attempt to collect an alleged consumer debt, in violation of 15 USC § 1692f(8).
- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
   - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
      a. Whether Defendant violated various provisions of the FDCPA;
      b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
      c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

        so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 18, 2016, an obligation was allegedly incurred to Mount Sinai Medical Center ("MSMC").

15. The MSMC obligation arose out of an alleged medical transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged MSMC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. MSMC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the MSMC debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. MSMC directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. On or about March 18, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter the "Letter") in an attempt to collect the alleged MSMC debt. *See* **Exhibit A.**

22. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt

5

collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter was sent in an envelope that contained a glassine window.

25. Visible through the glassine window, above the consumers name and the mail barcode, was the Plaintiff's reference number with the Defendant.  *See,* Exhibit B.

26. These numbers constitute personal identifying information.

27. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing,* 765 F. 3d 299 (Third Cir. 2014).

28. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

29. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

30. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692f *et seq.*

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

33. Pursuant to 15 U.S.C. §1692f(8), a debt collector is prohibited from using any language or symbol, other than the debt collector's address, on any envelope when communicating with the consumer by use of mails.

34. The Defendant violated said section by placing Plaintiff's reference number visible through the glassine window on the envelope in which the Letter was mailed in.

35. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 13, 2016            */s/ Ari Marcus*
                               Ari Marcus, Esq.
                               MARCUS & ZELMAN, LLC
                               1500 Allaire Avenue, Suite 101
                               Ocean, New Jersey 07712
                               (732) 695-3282 telephone
                               (732) 298-6256 facsimile
                               *Attorneys for Plaintiff*

                               */s/ Yitzchak Zelman*
                               Yitzchak Zelman, Esq.
                               MARCUS & ZELMAN, LLC
                               1500 Allaire Avenue, Suite 101
                               Ocean, New Jersey 07712
                               (732) 695-3282 telephone
                               (732) 298-6256 facsimile
                               *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  May 13, 2016           */s/ Yitzchak Zelman*
                               Yitzchak Zelman, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 13, 2016            */s/ Yitzchak Zelman*
                               Yitzchak Zelman, Esq.